PHILIP A. GASTEIER (SBN 130043)
IRV M. GROSS (SBN 53659)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: 310-229-1234
Facsimile: 310-229-1244
Emails: pag@lnbyb.com;img@lnbyb.com

Attorneys for Plaintiff
Sandra McBeth, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re<br>MARK MELCHIORI,<br>    Debtor. | Case No.: 9:12-bk-14309-PC<br><br>Chapter 7 |
| SANDRA McBETH, Chapter 7 Trustee,<br>    Plaintiff,<br>vs<br>SCOTT MINERS, DOES 1-10 INCLUSIVE,<br>    Defendants. | Adv. No.<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER** |

Plaintiff Sandra McBeth, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Mark Melchiori ("Debtor"), avers and complains as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

3.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (F) and (O).

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

4.  On November 26, 2012 (the "Petition Date"), Debtor commenced this bankruptcy case by filing a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code commencing this bankruptcy case in the United States Bankruptcy Court for the Central District of California.

5.  Trustee being duly qualified, was appointed and presently is the acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

6.  Trustee does not currently know the true names and capacities of those defendants sued herein as Doe 1 through 10, inclusive, and therefore sues each of them by such fictitious names. Trustee is informed and believes that defendants Doe 1 through 10, inclusive, assert an interest in the property that is the subject of this action and/or are responsible in some way for the acts and events concerning which the Trustee complains herein. Trustee will amend this complaint to show the true names and capacities of Doe 1 through 10, inclusive, when the same has been ascertained.

7.  On August 23, 2012, defendant Scott Miners, an individual ("Miners"), filed a complaint against the Debtor and Melchiori Construction Company ("MCC") in the Santa Barbara County Superior Court on a promissory note of July 1, 2011 in the face amount of $38,000 executed by the Debtor on behalf of MCC, and personally guaranteed by the Debtor (the promissory note and the guarantee together, the "Note"), commencing Miners v. Melchiori Construction Company et al., Case No. 1413032 (the "Action"). A true and correct copy of the complaint filed in the Action, with the Note attached, is marked as Exhibit "1" and is attached hereto and incorporated herein by reference.

8.  On October 31, 2012, a judgment by default (the "Judgment") against both MCC and the Debtor was filed and entered in the Action. The Judgment was in the amount of $42,374.00; a true and correct copy of the Judgment is marked as Exhibit "2" and is attached hereto and incorporated herein by reference.

9. On November 2, 2012, an abstract of judgment was issued in connection with the Judgment; a true and correct copy of the Abstract of Judgment is marked as Exhibit "3" and is attached hereto and incorporated herein by reference.

### FIRST CLAIM FOR RELIEF

(Avoidance of Preferential Transfer Against Miners Pursuant to 11 U.S.C. §547(b))

10. Trustee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 9 inclusive, as though fully set forth herein.

11. The recording of the Abstract of Judgment (the "Transfer") created a lien upon property of the estate and constituted a transfer of an interest of the Debtor in property.

12. By virtue of the Note and the Judgment, Miners was a creditor of the Debtor at the time of the Transfer. The Transfer was made on behalf of Miners.

13. The Transfer was made on account of an antecedent debt, the Judgment that was based on the Debtor's obligation on the Note.

14. The Transfer was made at a time when the Debtor was insolvent and was presumptively insolvent, being within 90 days of the Petition Date.

15. Trustee is informed and believes that the claims in the Debtor's estate far exceed the assets of the estate, and that allowed claims will not be paid in full. Accordingly, the Transfer will enable Miners to receive more than he would receive if the case were a case under chapter 7, the Transfer had not been made, and he received payment of the debt to extent provided under chapter 7.

### SECOND CLAIM FOR RELIEF

(Recovery of Transfer Pursuant to 11 U.S.C. §550)

16. Trustee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1through 15 as though fully set forth herein.

17. Trustee is informed and believes that Miners was the initial transferee of the Transfer, or was the person for whose benefit the Transfer was made.

18. Upon the avoidance of the Transfer, Trustee is entitled to recover the Transfer and to preserve it for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551.

**PRAYER FOR RELIEF**

WHEREFORE, Trustee prays for judgment as follows:

On the First Claim for Relief:

1. For a judicial determination that the Transfer was a preferential transfer within the meaning of 11 U.S.C. §547(b), and shall be avoided for the benefit of the estate;

On the Second Claim for Relief:

2. For a judicial determination that Miners was the initial transferees of the Transfer and/or the person for whose benefit the initial transfer was made, or was the immediate transferees of the Transfer who did not provide fair value or take the Transfer in good faith and without knowledge of its voidability;

The Trustee is entitled to recover the Transfer and to preserve it for the benefit of the estate;

On All Claims for Relief:

3. For costs of suit incurred herein; and

4. For such other relief as the Court deems just and proper.

DATED: November 15, 2014         LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:_____/s/ Irv M. Gross_____
IRV M. GROSS
ATTORNEYS FOR PLAINTIFF
Sandra McBeth, Chapter 7 Trustee

# EXHIBIT "1"

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew M. Clarke, SBN 184959; Matthew N. Mong, SBN 273337<br>Matthew H. Fisher, SBN 229532<br>CHRISTMAN, KELLEY & CLARKE, PC<br>831 State Street, Santa Barbara, CA 93101<br>TELEPHONE NO: 805-884-9922    FAX NO. (Optional): 866-611-9852<br>E-MAIL ADDRESS (Optional): matt@christmankelley.com<br>ATTORNEY FOR (Name): Plaintiff Scott Miners | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br><br>AUG 23 2012<br><br>GARY M. BLAIR, Executive Officer<br>BY _Merilee A. Jay_<br>Merilee A. Jay, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: PO Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
BRANCH NAME: Anacapa Division

PLAINTIFF: Scott Miners, an individual

DEFENDANT: Melchiori Construction Company; Mark J. Melchiori

[✓] DOES 1 TO 10

**CONTRACT**
[✓] COMPLAINT        [ ] AMENDED COMPLAINT (Number):
[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER: **1413032**

1. Plaintiff* (name or names):
   Scott Miners, an individual

   alleges causes of action against **defendant*** (name or names):

   Melchiori Construction Company, a California Corporation; Mark J. Melchiori, an individual

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff (name):
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity (describe):
          (3) [ ] other (specify):

   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [✓] except defendant (name): Melchiori Const. Co.    [ ] except defendant (name):
          (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
          (2) [✓] a corporation                            (2) [ ] a corporation
          (3) [ ] an unincorporated entity (describe):     (3) [ ] an unincorporated entity (describe):
          (4) [ ] a public entity (describe):              (4) [ ] a public entity (describe):
          (5) [ ] other (specify):                         (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: Miners v. Melchiori Construction Company, et al. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
   (1) [✓] Doe defendants *(specify Doe numbers):* 1 through 5 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
   (2) [✓] Doe defendants *(specify Doe numbers):* 6 through 10 _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [✓] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [✓] the contract was to be performed here.
   e. [✓] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   [✓] Breach of Contract
   [ ] Common Counts
   [ ] Other *(specify):*

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [✓] damages of: $ 42,374 and taxes/penalties
    b. [✓] interest on the damages
       (1) [✓] according to proof
       (2) [ ] at the rate of *(specify):* _____ percent per year from *(date):*
    c. [✓] attorney's fees
       (1) [ ] of: $
       (2) [✓] according to proof.
    d. [ ] other *(specify):*

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: August 23, 2012

Matthew M. Clarke
(TYPE OR PRINT NAME)    ▶  *(signed)* Matthew Clarke
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]    **COMPLAINT—Contract**    Page 2 of 2

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Miners v. Melchiori Construction Company | |

One _____ CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Miners

alleges that on or about *(date):* July 1, 2011
a [✓] written  [ ] oral  [ ] other *(specify):*
agreement was made between *(name parties to agreement):*
Scott Miners, Melchiori Construction Company, and Mark J. Melchiori
[✓] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [ ] are as follows *(specify):*

BC-2. On or about *(dates):* July 17, 2012
defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [ ] the following acts
*(specify):*
Failing to pay $42,374.00 as due upon demand.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4   [✓] as follows *(specify):*
$42,374.00 plus interest, penalties, and taxes

BC-5. [✓]  Plaintiff is entitled to attorney fees by an agreement or a statute
      [ ] of $
      [✓] according to proof.
BC-6. [ ]  Other:

Page ___3___

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

## PROMISSORY NOTE

Thirty-Eight Thousand Dollars ($38,000.00)                                                   July 1, 2011
                                                                                             Santa Barbara, California

1.   Promise to Pay:   For value received, the undersigned, Melchiori Construction Company ("MCC"), promises to pay Scott Miners ("Holder"), at 312 El Gaucho Rd, Santa Barbara, California 93111, or such other place as Holder may from time to time direct Melchiori in writing, the principal sum of Thirty-Eight Thousand Dollars ($38,000.00) for use funding MCC's operational expenses.

2.   Terms of Payment:   Holder and MCC acknowledge Holder has secured the above-referenced sums by borrowing same from Holder's plan established pursuant to and governed by Revenue & Taxation Code § 401(k) (hereinafter, the "401(k) loan"). By doing so, Holder must repay the 401(k) loan according to the terms and conditions established by the fund administrator, as well as the applicable sections of the Revenue & Taxation Code. These terms include repayment by Holder of the loan through Holder's payroll withholding. Therefore, MCC agrees to pay Holder as a reimbursable expense the total sum of the amount withheld as repayment of the 401(k) loan through payroll, which necessarily includes the principal and interest payment under the terms of the 401(k) loan.

3.   Prepayment:   MCC may prepay this Note at any time in whole or in part, or from time to time. Unless Holder elects otherwise, any partial prepayment shall be credited first to accrued interest, and then to principal. If MCC elects to prepay this Note, it shall do so through Holder's payroll accounting, and not as a reimbursable expense.

4.   Personal Guaranty:   As a condition of this Note, Mark J. Melchiori agrees to guaranty the obligations of MCC created by this Note, and shall execute the personal guaranty set forth below.

5.   Default:   At the option of Holder, without prior notice, and regardless of prior forbearance, all sums remaining unpaid under this Note shall become immediately due and payable upon the occurrence of a default by MCC under this Note. The occurrence of any of the following events shall constitute a default by MCC under this Note: (a) MCC's failure to perform any obligation contained in this Note when the obligation is required to be performed, provided Holder has given MCC five (5) days' advance written notice of Holder's intention to declare a default and MCC fails to cure such default before the expiration of said five (5) day period; (b) the filing of a petition in bankruptcy by, or the initiation of any proceeding under any bankruptcy or insolvency laws against MCC; or (c) the making of a general assignment for the benefit of creditors by MCC. No delay or omission on the part of Holder in exercising any right under this Note, nor any other agreement or instrument securing this Note shall operate as a waiver of such right on any future occasion or of any other rights under this Note, or any other agreement or instrument securing this Note. All rights and remedies of Holder provided for in this Note are cumulative and in addition to all other rights and remedies provided by law or in equity.

6.   Assignment:   This Note inures to and binds the heirs, legal representatives, successors and assigns of MCC and Holder; provided, however, that MCC may not assign this Note or any proceeds of it, or assign or delegate any of its rights and obligations, without Holder's prior written consent in each instance, which consent may be given or withheld in Holder's sole discretion. Holder in its sole discretion may transfer this Note, and may sell or assign participations or other interests in all or any part of this Note, all without notice to or the consent of MCC.

EXHIBIT A
Page 1 of 3

- 1 -

*[signature]* 7/1/2011

7. Governing Law: This Note shall be construed and enforceable according to the laws of the State of California for all purposes.

8. Severability: If any portion of the terms of this Note, or the application of it to any party or circumstance, is held void, invalid or unenforceable by a court of competent jurisdiction, the remainder of this Note, and the application of such provision to other parties or circumstances, shall not be affected thereby, the provisions of this Note being severable in any such instance.

9. Attorneys' Fees: If litigation is filed to enforce the terms of this Note, or declare the rights of a party hereunder, the prevailing party shall be entitled to his/her/its reasonable attorneys' fees and costs incurred therein.

IN WITNESS WHEREOF, MCC has executed this Note as of the date set forth above.

Melchiori Construction Company

By: _____
Mark J. Melchiori, President

Personal Guaranty of Mark J. Melchiori

I, Mark J. Melchiori, hereby personally and unconditionally guarantee punctual payment and payment in full by Melchiori Construction Company as set forth by the terms and conditions in the above Note. The undersigned guarantor waives diligence, demand for payment, extension of time for payment, notice of acceptance of this guaranty, and indulgences and notice of every kind, and consents to any and all forbearances and extensions of the time for payment or performance under this Note and to any and all subsequent changes in the terms of this Note. Holder may enforce this guaranty without first resorting to or exhausting other remedies provided by the Note or the law. Guarantor agrees to pay all reasonable costs and attorneys' fees incurred by Holder in enforcing this guaranty.

_____
Mark J. Melchiori

Promissory Note Holder:

By: _____
Scott Miners

EXHIBIT A
Page 2 of 3
- 2 -

| | |
|---|---|
| Scott Miners<br>Jennifer Miners<br>PO Box 30042<br>Santa Barbara, CA 93130 | 897<br>90-8051/3211<br>7/1/11 DATE |

PAY TO THE ORDER OF  Minehor Construction Company  | $38,000

Thirty-Eight Thousand & 00/100  DOLLARS

Keypoint Credit Union

FOR _____

⑆321180515⑆    4248 2850⑈ 0897

EXHIBIT "2"

**JUD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew N. Mong, State Bar No. 273337<br>Christman, Kelley & Clarke, PC<br>1334 Anacapa Street, Santa Barbara, CA 93101<br>TELEPHONE NO.: (805) 884-9922    FAX NO. (Optional): (866) 611-9852<br>E-MAIL ADDRESS (Optional): mmong@christmankelley.com<br>ATTORNEY FOR (Name): Plaintiff Scott Miners | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY OF SANTA BARBARA<br><br>OCT 31 2012<br><br>GARY M. BLAIR, EXEC. OFFICER<br>By _Renee Bradley_<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara<br>STREET ADDRESS: 1100 Anacapa Street<br>MAILING ADDRESS: 1100 Anacapa Street<br>CITY AND ZIP CODE: Santa Barbara, CA 93101<br>BRANCH NAME: Anacapa | |
| PLAINTIFF: Scott Miners<br>DEFENDANT: Melchiori Construction Company, et al. | |
| **JUDGMENT**<br>[✓] By Clerk    [✓] By Default    [ ] After Court Trial<br>[ ] By Court    [ ] On Stipulation    [ ] Defendant Did Not Appear at Trial | CASE NUMBER:<br>1413032 |

**JUDGMENT**

1. [✓] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [✓] **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [ ] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court    [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):                         [ ] Plaintiff's attorney (name each):
         (1)                                                 (1)
         (2)                                                 (2)
      [ ] Continued on Attachment 3b.

      [ ] Defendant (name each):                         [ ] Defendant's attorney (name each):
         (1)                                                 (1)
         (2)                                                 (2)
      [ ] Continued on Attachment 3b.

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not    [ ] was    requested.

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>JUD-100 [New January 1, 2002] | **JUDGMENT** | Code of Civil Procedure, §§ 585, 664.6 |

| PLAINTIFF: Scott Miners | CASE NUMBER: |
|---|---|
| DEFENDANT: Melchiori Construction Company, et al. | 1413032 |

JUDGMENT IS ENTERED AS FOLLOWS BY:   ☐ THE COURT   ☑ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each)*:
      Scott Miners, an individual
      and against defendant *(names)*:
      Melchiori Construction Company,
      ☑ Continued on Attachment 5a.
   
   b. ☐ for defendant *(name each)*:
   
   c. ☐ for cross-complainant *(name each)*:
      and against cross-defendant *(name each)*:
      ☐ Continued on Attachment 5c.
   
   d. ☐ for cross-defendant *(name each)*:

6. **Amount.**
   a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

   | | | |
   |---|---|---|
   | (1) ☑ | Damages | $ 42,374.00 |
   | (2) ☐ | Prejudgment interest at the annual rate of    % | $ |
   | (3) ☐ | Attorney fees | $ |
   | (4) ☑ | Costs | $ 525.00 |
   | (5) ☐ | Other *(specify)*: | $ |
   | (6) | **TOTAL** | $ 42,899.00 |

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

   | | | |
   |---|---|---|
   | (1) ☐ | Damages | $ |
   | (2) ☐ | Prejudgment interest at the annual rate of    % | $ |
   | (3) ☐ | Attorney fees | $ |
   | (4) ☐ | Costs | $ |
   | (5) ☐ | Other *(specify)*: | $ |
   | (6) | **TOTAL** | $ |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
      ☐ Defendant named in item 5b to recover costs $ 
      ☐ and attorney fees $
   
   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
      ☐ Cross-defendant named in item 5d to recover costs $
      ☐ and attorney fees $

7. ☐ Other *(specify)*:

Date:    ☐ _____
                        JUDICIAL OFFICER
         **GARY M. BLAIR, EXECUTIVE OFFICER**

Date: OCT 3 1 2012    ☐ Clerk, by _Bennett Bradley_____, Deputy

| (SEAL) | **CLERK'S CERTIFICATE** *(Optional)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

Page 2 of 2

JUD-100 [New January 1, 2002]    **JUDGMENT**

## ATTACHMENT 5a

a California Corporation; Mark J. Melchiori, an individual.

# EXHIBIT "3"

**EJ-001**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number):*
Recording requested by and return to:
Matthew M. Clarke, State Bar No. 184959
Matthew N. Mong, State Bar No. 273337
Christman, Kelley & Clarke, PC
1334 Anacapa Street
Santa Barbara, CA 93101

[✓] ATTORNEY FOR    [✓] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

PLAINTIFF: Scott Miners
DEFENDANT: Melchiori Construction Company; Mark J. Melchiori

CASE NUMBER: 1413032

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**    [ ] Amended

1. The [✓] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
   Name and last known address
   ```
   Mark J. Melchiori
   2749 Sycamore Canyon Road
   Santa Barbara, CA 93108
   ```
   b. Driver's license no. [last 4 digits] and state:    [✓] Unknown
   c. Social security no. [last 4 digits]: 5754    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   Scott Miners
   312 El Gaucho Rd., Santa Barbara, CA 93111

Date: November 2, 2012
Matthew N. Mong
(TYPE OR PRINT NAME)

▶ /s/ Matthew Mong
(SIGNATURE OF APPLICANT OR ATTORNEY)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

6. Total amount of judgment as entered or last renewed: $42,899.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* October 31, 2012
   b. Renewal entered on *(date):*
9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
NOV 0 2 2012

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*
11. A stay of enforcement has
    a. [ ] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*
12. a. [ ] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

GARY M. BLAIR, EXECUTIVE OFFICER
Clerk, by Renee Bradley, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: Scott Miners | CASE NUMBER: |
|---|---|
| DEFENDANT: Melchiori Construction Company; Mark J. Melchiori | 1413032 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

18. Name and last known address

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

FORM B104 (8/07)                                                                                       2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>SANDRA McBETH, Chapter 7 Trustee, | **DEFENDANT(S)**<br>SCOTT MINERS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>PHILIP A. GASTEIER (SBN 130043)<br>IRV M. GROSS (SBN 53659)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone:  310-229-1234<br>Facsimile:  310-229-1244<br>Emails: pag@lnbyb.com;img@lnbyb.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property**<br><br>☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: Setting aside lien |
| Other Relief Sought:<br>(a) for costs of suit incurred herein and (b) for such other relief as the Court deems just and proper. ||

FORM B104 (8/07), page 2            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**MARK MELCHIORI** | | BANKRUPTCY CASE NO.<br>**9:12-bk-14309-PC** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**NORTHERN DIVISION** | NAME OF JUDGE<br>**THE HON. PETER CARROLL** | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Irv M. Gross* | | | |
| DATE<br>November 21, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Irv M. Gross | | |

## INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.